**United States District Court**
For the Northern District of California

1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7   BOARD OF TRUSTEES OF THE SHEET    )
    METAL WORKERS HEALTH CARE PLAN OF )
8   NORTHERN CALIFORNIA; SHEET METAL  )   No. 08-3103 SC
    WORKERS PENSION TRUST OF NORTHERN )
9   CALIFORNIA; SHEET METAL WORKERS   )   DEFAULT JUDGMENT
    LOCAL 104 VACATION, HOLIDAY       )
10  SAVINGS PLAN; ANTHONY ASHER,      )
    TRUSTEE,                          )
11                                    )
              Plaintiffs,             )
12                                    )
         v.                           )
13                                    )
    T A M S, Inc., a California       )
14  corporation, d/b/a THERMAL AIRE,  )
                                      )
15            Defendant.              )
                                      )
16  _____  )

## I.    INTRODUCTION

18       Before the Court is the Motion for Default Judgment

19   ("Motion") submitted by Plaintiffs Board of Trustees of the Sheet

20   Metal Workers Health Care Plan of Northern California, et al.,

21   ("Plaintiffs").  Docket No. 24.  Defendant TAMS, Inc., d/b/a

22   Thermal Aire ("TAMS"), was duly notified of these proceedings.

23   See Docket No. 4 ("Certificate of Service").  An Entry of Default

24   as to TAMS has been filed.  Docket No. 10.  For the reasons stated

25   herein, the Court GRANTS Plaintiffs' Motion.

26

## II.   BACKGROUND

28       Plaintiffs contend that TAMS is bound by the terms and

**United States District Court**
For the Northern District of California

1    conditions of a collective bargaining agreement.  Canevari Decl.[1]

2    ¶ 2, Ex. 1 ("Labor Agreement").  The collective bargaining

3    agreement, and the Employee Retirement Income Security Act of 1974

4    ("ERISA"), authorize a collection action for unpaid employee

5    benefit contributions.  See Docket No. 1 ("Compl.") at 2-4.  The

6    Labor Agreement allows an assessment of ten percent (10%) of the

7    delinquent contributions as liquidated damages.   Maraia Decl.[2] ¶

8    3; Labor Agreement at 24-25.  Amendment Number Three to the Trust

9    Agreement provides for liquidated damages at a rate of 20%.

10   Maraia Decl. ¶ 4, Ex. 3 ("Trust Agreement").

11       On or about March 26, 2008, Lindquist LLP, Certified Public

12   Accountants, completed a compliance test of the books and records

13   of TAMS for the period July 1, 2004 through June 30, 2007.

14   Hallenbeck Decl.[3] ¶ 3, Ex. 2 ("Audit").  The amount of unpaid

15   contributions uncovered by the audit was $6413.57.  Audit at 4.

16   $4000 was paid on June 24, 2009, leaving a delinquent balance of

17   $2413.57.  Maraia Decl. Ex. 4 ("Liability Detail Sheet").  The fee

18   for the compliance test was $641.36.  Id.  As a result of the

19   delinquent contributions that remain due, and late payments of

20   contributions by TAMS between May and September 2008, TAMS

21   allegedly owes Plaintiffs liquidated damages in the amount of

22

23       [1] Dennis Canevari, business representative of Sheet Metal
24   Workers Local Union No. 162, submitted a declaration in support of
     the Motion.  Docket No. 25.

25       [2] Bonnie Maraia, fund manager of Plaintiffs' administrator,
     submitted a declaration in support of the Motion.  Docket No. 27.
26

27       [3] Tim Hallenbeck, a manager with the firm Lindquist LLP, filed
     a declaration in support of the motion.  Docket No. 26.

28                                   2

1  $30,020.80, and interest in the amount of $842.37.  Id.

2

3  **III.  LEGAL STANDARD**

4       After entry of default, the Court may enter a default

5  judgment.  Fed. R. Civ. P. 55(b)(2).  The Court's decision whether

6  to enter a default judgment, while "discretionary," Aldabe v.

7  Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several

8  factors.  If the court determines service of process was

9  sufficient, the court may consider:

10               (1) the possibility of prejudice to the
                 plaintiff, (2) the merits of plaintiff's
11               substantive claim, (3) the sufficiency of the
                 complaint, (4) the sum of money at stake in the
12               action, (5) the possibility of a dispute
                 concerning material facts, (6) whether the
13               default was due to excusable neglect, and (7)
                 the strong policy underlying the Federal Rules
14               of Civil Procedure favoring decisions on the
                 merits.

15

16  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The

17  general rule of law is that upon default the factual allegations

18  of the complaint, except those relating to the amount of damages,

19  will be taken as true."  Geddes v. United Fin. Group, 559 F.2d

20  557, 560 (9th Cir. 1977).

21

22  **IV.  DISCUSSION**

23       **A.  Eitel Factors**

24       Accepting the allegations in the Complaint, the Court finds

25  that the Eitel factors favor default judgment.  Section 502(a) of

26  ERISA gives the participants and beneficiaries of an

27  ERISA-governed pension plan a cause of action in federal court

28                                3

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  where an employer violates the terms of the plan.  29 U.S.C. §

2  1132(a)(1)(B), (a)(3).  Plaintiffs have shown that, by failing to

3  make timely contributions, TAMS has violated the terms of the

4  Agreement.  Mot. at 3.  Plaintiffs are seeking damages of

5  $33,918.10 for contributions still due, liquidated damages,

6  interest, and a testing fee.  See Liability Detail Sheet.  Despite

7  being notified of these proceedings, TAMS has not challenged these

8  amounts.

9       TAMS's default cannot be said to be the result of excusable

10  neglect.  TAMS was properly served.  See Certificate of Service.

11  While it is preferable to decide cases on the merits whenever

12  possible, this preference is not dispositive.  Where a party fails

13  to defend against a complaint, as TAMS has failed to do here, Rule

14  55 authorizes the Court to enter default judgment.  Kloepping v.

15  Fireman's Fund, No. 94-2684, 1996 U.S. Dist. LEXIS 1786, at *10

16  (N.D. Cal. Feb. 14, 1996).

17       **B.   Remedy**

18       Plaintiffs seek to recover contributions still due,

19  liquidated damages, interest, a testing fee, attorneys' fees, and

20  court costs.  Mot. at 1-2.  The Trust Agreement sets liquidated

21  damages at 20% of the amount of the delinquent payment, and they

22  are assessed as of the delinquency date.  See Trust Agreement,

23  Item III § C, Amendment Number Three.  The liquidated damages

24  amount to $30,020.80.  See Liability Detail Sheet.

25       Plaintiffs seek interest for the days during which payments

26  were late between May and September 2008, Mot. at 3, and they are

27  contractually entitled to such interest, see Trust Agreement Item

28                                    4

1   III § C.  The interest rate is set by the Board of Trustees, see

2   id., and the current rate is 15%, see Carroll Decl. ¶¶ 7-8, Ex. 7

3   ("Ways & Means Committee Meeting Minutes").  Interest is computed

4   from the contribution due date.  Maraia Decl. ¶ 9.  Plaintiffs

5   seek $842.37 in interest payments.  See Liability Detail Sheet.

6       Plaintiffs request attorneys' fees under 29 U.S.C.

7   § 1132(g)(2)(D).  Mot. at 5.  Plaintiffs have submitted a

8   description of their attorneys' fees and court costs totaling

9   $1170.  Carroll Decl. ¶¶ 2-5.  Plaintiffs are entitled to the

10  testing fee under the terms of the Trust Agreement.  See Trust

11  Agreement, Item III § E.  The testing fee is $641.36.  See Audit.

12  The Court GRANTS Plaintiffs' request for damages consisting of

13  contributions still due, liquidated damages, attorneys' fees,

14  court costs, and a testing fee.

15

16  **V.    CONCLUSION**

17      For the foregoing reasons, the Court GRANTS Plaintiffs

18  default judgment.  The Court hereby AWARDS Plaintiffs $2413.57 for

19  contributions still due, liquidated damages of $30,020.80,

20  interest of $842.37, plus $1170.00 in attorneys' fees and costs,

21  and $641.36 for the testing fee, for a total judgment of

22  $35,088.10.

23

24      IT IS SO ORDERED.

25

26      Dated: December 14, 2009

27                                          UNITED STATES DISTRICT JUDGE

28
                                    5

*United States District Court*
For the Northern District of California